IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| GILBERT A. RIVERO, | Case No. 1:23-cv-00860-CL |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| CHILD SUPPORT OF MEDFORD, OR, and D.A. MATHEW MCCAULEY, | |
| Defendants. | |

CLARKE, Magistrate Judge.

Plaintiff Gilbert Anthony Rivero, a self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action against "Child Support of Medford, OR," and "D.A. Mathew McCauley," an individual who Plaintiff alleges used to be a deputy district attorney at the Jackson County District Attorney's Office. For the reasons below, this action is dismissed without prejudice and with leave to file an Amended Complaint within thirty (30) days. Plaintiff's IFP application (#2) and motion for appointment of counsel (#3) will be held in abeyance and reconsidered with the Amended Complaint, if any.

## DISCUSSION

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Here, the Court has reviewed Plaintiff's IFP paperwork, and finds he is unable to pay the costs and fees associated with the filing. The first determination is met. However, the Court finds that this action fails to state a claim upon which relief may be granted, and it is likely that the Court lacks subject matter jurisdiction over the matter. The second determination is therefore not met.

First, Plaintiff's Complaint (#1) asserts that he was given "inheritance money" of $85,640.00, which was seized in relation to a debt for child support in Santa Clara California, in 2001. Plaintiff asserts that the amount due was around $33,000.00, and therefore he was due a refund of $52,690.00. Plaintiff's allegations are confusing, in that he indicates that this money was confiscated by "District Attorney Office Mathew McCauley," but then Plaintiff also alleges that McCauley brought "false charges" against him for "Rape 3 Fugitive" and "criminal non child support" in 1996. These allegations are confusing and generally incomprehensible. They fail to state a claim for relief. Moreover, even if the Court could construe these allegations so liberally

as to find a claim, any intentional tort or negligence claim, civil rights claim under section 1983 or even a breach of contract claim, would be far past the statute of limitations.

Second, the Court does not appear to have subject matter jurisdiction over these claims. Plaintiff states in his Complaint that the Court has diversity jurisdiction. For the purposes of this case, under 28 USC 1332, "diversity jurisdiction" exists when two conditions are met: when the parties are citizens of different states, and when the matter in controversy exceeds $75,000.00, exclusive of interests and costs. Here, based on the Complaint, Plaintiff likely meets the first condition, as he is a citizen of California, and the defendants are likely citizens of Oregon. However, the demand stated on the Civil Cover Sheet attached to his Complaint, and the allegations of his Complaint, appear to allege an amount in controversy of $52,690.00. This fails to exceed $75,000.00 as required by the statute. Diversity jurisdiction does not exist in this case.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

For the reasons above, it is unlikely that the deficiencies of Plaintiff's Complaint can be cured by amendment. In an abundance of caution, the Court will dismiss without prejudice, and with leave to file an Amended Complaint within thirty (30) days. If Plaintiff decides to file an Amended Complaint, he should heed the information above, and attempt to clarify and explicitly state his plausible claims for relief, state whether any events took place more recently than 20 years ago, and state whether the Court has subject matter jurisdiction by either indicating that he

intends to bring a claim under federal law, or indicating an amount in controversy that exceeds $75,000.00.

## ORDER

Plaintiff's Complaint is dismissed without prejudice and with leave to file an Amended Complaint within thirty (30) days. If Plaintiff fails to file an Amended Complaint, or fails to cure the deficiencies identified above, the case will be dismissed with prejudice. Plaintiff's IFP application and motion for pro bono counsel will be held in abeyance and reconsidered along with the Amended Complaint, if any.

DATED this _6._ day of July, 2023.

MARK D. CLARKE
United States Magistrate Judge